### (December 13, 1963)

■ In the Matter of the Claim of PETER PALKER, Respondent, v. CHARLES E. SELLS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Claimant's low back sprain of September 16, 1954 aggravated a pre-existing osteoarthritis. The case was closed by decision of October 26, 1956, upon a finding of moderate permanent partial disability, without compensable lost time, the carrier to be responsible for future causally related medical care. The case was reopened in 1959 and a massive record of medical reports and testimony compiled. The board awarded for partial disability, due to aggravation of the pre-existing arthritis, for the period from December 28, 1958 to June 16, 1961. Appellants contest the award for the period subsequent to February 18, 1960, contending that the record contains no proof relating claimant's disability after that date to the 1954 accident. The cut-off date of February 18, 1960, asserted by the carrier, is that of the report of claimant's consultant orthopedist who found " no organic orthopedic defect "

and recommended psychological and psychiatric treatment. After the date last mentioned two attending physicians and a consultant psychiatrist filed several reports in which not one physician answered the question as to causal relation appearing upon the printed form. Eight doctors testified in the case and no proof of continued causal relation was adduced from any of them, unless that effect be given the testimony of one physician who testified first that the "exact cause * * * I can't say" and later that claimant's "trouble is the result directly or indirectly of his fall"; but, in any event, this testimony was given February 4, 1960 and was based on examinations made in 1959. There was affirmative testimony by two physicians that the exacerbation of the pre-existing arthritis had subsided and that disability was due solely to that disease and was unrelated to the accident. Thus there was no proof whatsoever of continued causal relation beyond the date asserted by appellants. The proof and finding, at earlier dates, of a compensable "moderate *permanent* partial disability" (emphasis supplied) might in many cases quite properly project into the future, for a reasonable time at least, an inference of continued causal relation; but here the appeal presents, as to the later years, three mutually exclusive theories of causation— (1) continued aggravation of the underlying arthritis, (2) an arthritic condition no longer aggravated and now solely causative and (3) a condition of emotional origin unrelated to the accident. In such circumstances the board may not infer, without any proof whatsoever, causal relation continued indefinitely into the future, as against affirmative proof to the contrary. Here, however, some of the medical proof was addressed largely to the issue raised by claimant's request for certain home therapy equipment and it is possible that, upon remittal, the record with respect to continued causal relation may be further developed. Decision reversed and case remitted, with costs to appellants against the Workmen's Compensation Board. Gibson, J. P., Herlihy, Reynolds and Taylor, JJ., concur.